# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BATTISTE,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN LOPEZ, et al.,<br><br>    Defendants.<br>_____/ | 1:11cv0918 LJO DLB PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |

**I.    Background**

Plaintiff David Battiste ("Plaintiff"), a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on May 18, 2011.

**II.    Legal Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**III.     Summary Of Complaint**

Plaintiff is incarcerated at California State Prison, Corcoran, where the events giving rise to this action occurred. Plaintiff names Warden Raul Lopez, Sergeant D. Canales, Correctional Officer H. Baeza, Correctional Officer S. Cooper and Correctional Officer Benavidez as Defendants.

Plaintiff alleges that on September 28, 2010, he was in his assigned cell when Defendant Benavidez approached and asked him if there was a problem. Plaintiff was unaware at the time that his cell mate, Inmate Roche, had told Defendant Benavidez and others that he would assault Plaintiff if he was returned to his cell.

Plaintiff told Defendant Benavidez that there were no problems. Inmate Roche was then escorted back to the cell by Defendants Cooper and Baeza, who spoke to Inmate Roche in "low tones" as they reached the door to the cell. As soon as Defendant Benavidez stepped aside, Inmate Roche "rushed into the cell and brutally assaulted Plaintiff." Plaintiff alleges that his head crashed into the wall and that he suffered head trauma as a result. He alleges that he suffered, and/or continues to suffer, severe headaches, blurred vision, loss of concentration and lapses in memory.

Plaintiff contends that Defendants Benavidez, Cooper and Baeza allowed the assault to continue for several minutes. Defendant Baeza eventually pepper-sprayed them and a majority of the pepper-spray hit Plaintiff in the face.

1   After the assault, Plaintiff spoke with Inmate Roche. Inmate Roche said he told
2   Defendants Cooper and Baeza that if they forced him to go back into his cell, he would assault
3   Plaintiff.
4   Plaintiff alleges that shortly after the assault, Defendant Canales stated that it may be
5   possible for Inmate Roche and Plaintiff to "sign off on the assault" so that they could both stay
6   on the yard. Plaintiff further alleges that Defendant Canales overheard Inmate Roche say that he
7   would be a witness against Defendants Cooper and Baeza and placed Inmate Roche in
8   Administrative Segregation.
9   Plaintiff alleges that Defendants violated his Eighth Amendment rights. Specifically, he
10  alleges that (1) Defendant Warden Lopez, by and through his officers and employees,
11  implemented "under ground rules," policies and customs that violate Plaintiff's constitutional
12  rights and are deliberately indifferent to his health and safety; (2) Defendant Canales covered up
13  the actions of Defendants Benavidez, Cooper and Baeza by sending Inmate Roche to
14  Administrative Segregation so that Plaintiff could not utilize his testimony; (3) Defendants
15  Cooper and Baeza failed to protect Plaintiff when they knew Inmate Roche had threatened
16  Plaintiff and orchestrated the assault on Plaintiff; and (4) Defendants Benavidez, Cooper and
17  Baeza failed to react to the assault quickly enough to stop unnecessary injuries.
18  Plaintiff requests four million dollars in damages.

### IV. Analysis

#### A. Defendant Lopez

21  As explained above, Rule 8(a) of the Federal Rules of Civil Procedure requires that the
22  complaint contain a "short and plain statement of the claim showing that the pleader is entitled to
23  relief." Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of
24  a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*,
25  129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
26  Plaintiff's allegation against Defendant Lopez is nothing more than a single, conclusory
27  sentence. While a claim for relief under section 1983 for supervisory liability can be based on
28  the promulgation or implementation of a policy, Plaintiff's allegation fails to comply with Rule

3

8. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor,* 880 F.2d at 1045.  He sets forth no facts to support his allegation against Defendant Lopez and therefore fails to state a claim against him.

### B. Defendants Cooper, Baeza and Benavidez

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff.  E.g., Farmer at 847; Hearns at 1040.

Here, Plaintiff has alleged sufficient facts to support an Eighth Amendment failure to protect claim against Defendants Cooper, Baeza and Benavidez.

### C. Defendant Canales

Plaintiff alleges that Defendant Canales covered up the actions of Defendants Cooper, Baeza and Benavidez by sending Inmate Roche to Administrative Segregation so that Roche could not testify on Plaintiff's behalf "in future Court proceedings."

Plaintiff's claim, however, fails to identify a constitutional right under which his allegation is made.  Although Plaintiff cites the Eighth Amendment generally in his Complaint, this is not an Eighth Amendment violation.  His claim is also speculative and fails to identify any concrete harm.  Plaintiff's allegation therefore fails to state a claim for which relief can be granted.

### V. Amended Complaint

Plaintiff has stated an Eighth Amendment claim against Defendants Cooper, Baeza and Benavidez.  He has failed to state a claim against Defendants Lopez and Canales.  Plaintiff will

4

be given an opportunity to amend the complaint, OR move forward on the cognizable claim against Defendants Cooper, Baeza and Benavidez.

If Plaintiff chooses to move forward on the Eighth Amendment claim against Defendants Cooper, Baeza and Benavidez, he must notify the Court in writing within thirty (30) days of the date of service of this order. If Plaintiff chooses to do so, the Court will issue Findings and Recommendations that Defendants Lopez and Canales be dismissed from this action and will forward Plaintiff summonses and USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend his claim against Defendants Lopez and Canales to cure the deficiencies identified by the Court in this order, he is advised that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Iqbal, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); Forsyth, 114 F.3d at 1474.

**ORDER**

Accordingly, based on the above,

1. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

5

      a.    File an amended complaint curing the deficiencies identified by the Court in this order, or

      b.    Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only on his cognizable claims.

2. <u>If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **December 8, 2011**               **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE