# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BATTISTE, | 1:11-cv-0918 LJO DLB PC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| WARDEN LOPEZ, et al., | |
| Defendants. | (DOCS. 19, 20) |
| / | OBJECTIONS DUE WITHIN 21 DAYS |

**I.      Background**

Plaintiff David Battiste ("Plaintiff"), a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on May 18, 2011. Doc. 1. On December 9, 2011, the Court screened Plaintiff's complaint and found that it stated a claim against Defendants Cooper, Baez, and Benavidez for violation of the Eighth Amendment, but failed to state a claim against Defendants Lopez and Canales. Doc. 19. Plaintiff was provided the opportunity to either file a first amended complaint curing the deficiencies in his claims, or notify the Court that he wished to proceed only against Defendants Cooper, Baez, and Benavidez. On December 21, 2011, Plaintiff notified the Court that he wished to only proceed against Defendants Cooper, Baez, and Benavidez. Doc. 20. The Court thus issues the following Findings and Recommendations.

**II.     Legal Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
2  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
3  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
4  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
5  paid, the court shall dismiss the case at any time if the court determines that . . . the action or
6  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
7  1915(e)(2)(B)(ii).

8        A complaint must contain "a short and plain statement of the claim showing that the
9  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
10 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
11 conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
12 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual
13 matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*,
14 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

15 **III.**    **Summary Of Complaint**

16       Plaintiff is incarcerated at California State Prison, Corcoran, where the events giving rise
17 to this action occurred.  Plaintiff names Warden Raul Lopez, Sergeant D. Canales, Correctional
18 Officer H. Baeza, Correctional Officer S. Cooper and Correctional Officer Benavidez as
19 Defendants.

20       Plaintiff alleges that on September 28, 2010, he was in his assigned cell when Defendant
21 Benavidez approached and asked him if there was a problem.  Plaintiff was unaware at the time
22 that his cell mate, Inmate Roche, had told Defendant Benavidez and others that he would assault
23 Plaintiff if he was returned to his cell.

24       Plaintiff told Defendant Benavidez that there were no problems.  Inmate Roche was then
25 escorted back to the cell by Defendants Cooper and Baeza, who spoke to Inmate Roche in "low
26 tones" as they reached the door to the cell.  As soon as Defendant Benavidez stepped aside,
27 Inmate Roche "rushed into the cell and brutally assaulted Plaintiff."  Plaintiff alleges that his
28 head crashed into the wall and that he suffered head trauma as a result.  He alleges that he

suffered, and/or continues to suffer, severe headaches, blurred vision, loss of concentration and lapses in memory.

Plaintiff contends that Defendants Benavidez, Cooper and Baeza allowed the assault to continue for several minutes.  Defendant Baeza eventually pepper-sprayed them and a majority of the pepper-spray hit Plaintiff in the face.

After the assault, Plaintiff spoke with Inmate Roche.  Inmate Roche said he told Defendants Cooper and Baeza that if they forced him to go back into his cell, he would assault Plaintiff.

Plaintiff alleges that shortly after the assault, Defendant Canales stated that it may be possible for Inmate Roche and Plaintiff to "sign off on the assault" so that they could both stay on the yard.  Plaintiff further alleges that Defendant Canales overheard Inmate Roche say that he would be a witness against Defendants Cooper and Baeza and placed Inmate Roche in Administrative Segregation.

Plaintiff alleges that Defendants violated his Eighth Amendment rights.  Specifically, he alleges that (1) Defendant Warden Lopez, by and through his officers and employees, implemented "under ground rules," policies and customs that violate Plaintiff's constitutional rights and are deliberately indifferent to his health and safety; (2) Defendant Canales covered up the actions of Defendants Benavidez, Cooper and Baeza by sending Inmate Roche to Administrative Segregation so that Plaintiff could not utilize his testimony; (3) Defendants Cooper and Baeza failed to protect Plaintiff when they knew Inmate Roche had threatened Plaintiff and orchestrated the assault on Plaintiff; and (4) Defendants Benavidez, Cooper and Baeza failed to react to the assault quickly enough to stop unnecessary injuries.

Plaintiff requests four million dollars in damages.

**IV.   Analysis**

    **A.   Defendant Lopez**

As explained above, Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's allegation against Defendant Lopez is nothing more than a single, conclusory sentence. While a claim for relief under section 1983 for supervisory liability can be based on the promulgation or implementation of a policy, Plaintiff's allegation fails to comply with Rule 8. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor,* 880 F.2d at 1045. He sets forth no facts to support his allegation against Defendant Lopez and therefore fails to state a claim against him.

### B.    Defendants Cooper, Baeza, and Benavidez

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

Here, Plaintiff has alleged sufficient facts to support an Eighth Amendment failure to protect claim against Defendants Cooper, Baeza and Benavidez.

### C.    Defendant Canales

Plaintiff alleges that Defendant Canales covered up the actions of Defendants Cooper, Baeza and Benavidez by sending Inmate Roche to Administrative Segregation so that Roche could not testify on Plaintiff's behalf "in future Court proceedings."

Plaintiff's claim, however, fails to identify a constitutional right under which his allegation is made. Although Plaintiff cites the Eighth Amendment generally in his Complaint, this is not an Eighth Amendment violation. His claim is also speculative and fails to identify any

4

concrete harm.  Plaintiff's allegation therefore fails to state a claim for which relief can be granted.

## Conclusion and Recommendation

Plaintiff has stated an Eighth Amendment claim against Defendants Cooper, Baeza and Benavidez.  He has failed to state a claim against Defendants Lopez and Canales.  Plaintiff has indicated that he wishes to proceed only against Defendants Cooper, Baeza and Benavidez.  Accordingly, based on the above, it is HEREBY RECOMMENDED that

1. This action proceed on Plaintiff's complaint, filed May 18, 2011, against Defendants Cooper, Baeza, and Benavidez for deliberate indifference in violation of the Eighth Amendment; and

2. Plaintiff's claims against Defendants Lopez and Canales be dismissed with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 23, 2012**              /s/ **Dennis L. Beck**
                                                           UNITED STATES MAGISTRATE JUDGE